17665.    PEAVY et al. v. PEAVY.

1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence."
2. The allegations of gross negligence in the petition were not supported by the facts stated therein, and the court erred in overruling the general demurrer to the petition.

DECIDED DECEMBER 14, 1926.

Action for damages; from Fulton superior court—Judge Pomeroy. September 1, 1926.

Eugenia Peavy's petition as amended (the formal parts and the parts not necessary for a decision upon the demurrer interposed being omitted) was as follows: "1. The defendants in this action are C. D. Peavy, R. H. Peavy, and I. C. Edgerton, all of said county, and Edgerton Manufacturing Company, a corporation, doing business in and maintaining an office and place of business in said county. 2. Said defendants have damaged your petitioner in the sum of fifteen thousand dollars, for and on account of the facts herein stated. 3. On the 14th day of May, 1925, petitioner was invited to ride from her home, 24 North View avenue, in said county, to the business section of Atlanta, by her brothers, C. D. Peavy and R. H. Peavy, in the Ford coupé automobile which belonged to R. H. Peavy. C. D. Peavy was instructed by R. H. Peavy to drive said automobile. Accordingly, C. D. Peavy drove said automobile along Highland avenue toward the City of Atlanta, with R. H. Peavy riding beside him, directing him as the owner of said car, and assenting to the acts of C. D. Peavy in the course of his driving of said automobile. Your petitioner rode in said automobile as a passenger while it was being so driven. 4. When said automobile reached the intersection of Highland and Virginia avenues a violent collision took place between said automobile and another Ford coupé automobile which was driven by defendant I. C. Edgerton. Both of said automobiles were exceeding the speed limit allowed by law at said intersection, to wit, ten miles per hour, as they reached and began to traverse the said intersection. And the said exceeding of the speed limit by said automobile, driven and directed by defendants as aforesaid, was the direct and proximate cause of

Motor Vehicles, 28 Cyc. p. 37, n. 16; p. 45, n. 91.
Negligence, 29 Cyc. p. 423, n. 37, 38.

the collision which took place. 5. The said intersection is the intersection of two public highways, both Highland avenue and Virginia avenue being public highways in the city of Atlanta, Fulton county, Ga. 6. The law of the State of Georgia provided that while approaching and traversing such an intersection, all drivers of automobiles should drive their machines at a speed not greater than ten miles per hour; and this law was being violated by both said drivers, C. D. Peavy and I. C. Edgerton, while approaching and while traversing said intersection. 7. Said C. D. Peavy was guilty of gross negligence in operating said automobile at the said unlawful speed, the said negligence tending to endanger human life, and particularly to endanger the life of petitioner. 8. Said I. C. Edgerton was also guilty of gross negligence in operating said automobile which he was driving at the said unlawful speed, and said negligence tending to endanger human life and particularly to endanger the life of petitioner. 9. The said acts of gross negligence on the part of the two drivers, C. D. Peavy and I. C. Edgerton, were jointly responsible for the collision which took place between said automobiles. 10. If C. D. Peavy had been driving at a slower and lawful speed, the automobile driven by I. C. Edgerton would have sped by in front of the Peavy car, in spite of the unlawful speed of I. C. Edgerton. 11. If I. C. Edgerton had been driving at a slower and lawful speed, the automobile driven by C. D. Peavy would have sped by in front of the Edgerton car, in spite of the unlawful speed of C. D. Peavy. 12. It was therefore the combination of the two unlawful acts of the two drivers I. C. Edgerton and C. D. Peavy which was the direct and proximate cause of the collision which took place. 13. Your petitioner was hurled out of the car driven by C. D. Peavy by the impact of said collision, and was pinned under the said car when it turned over on her, and as a result of said collision she suffered numerous wounds, bruises, and injuries, part of them temporary and part permanent, as follows: [A detailed description of the plaintiff's injuries is here given.] 17. Petitioner was free from all fault. 18. Said C. D. Peavy, upon seeing the said Edgerton automobile approaching said intersection, speeded up said automobile which said Peavy was driving, and attempted to beat said Edgerton across the said intersection, said act of Peavy being gross negligence toward petitioner

and contributing to cause the said injuries to petitioner, said act of Peavy coinciding with his exceeding of the lawful speed limit as set forth in petition. Said intersection was a very busy and much traveled intersection, both streets being main highways, buildings were constructed at said intersection immediately beside the sidewalks, many vehicles were in said vicinity; and in view of these conditions the said acts of C. D. Peavy constituted gross negligence toward petitioner."

The defendants R. H. Peavy and C. D. Peavy interposed the following general demurrer: "1. Because the petition as amended sets forth no legal cause of action against the said defendants. 2. Because the facts set forth in the original petition and the amendment thereto do not set forth a legal cause of action against these defendants. 3. Because the facts set forth in the said declaration and the amendment thereto are insufficient to constitute allegations of gross negligence against these defendants."

*McDaniel & Neely, Rembert Marshall,* for plaintiffs in error.

*J. Walter LeCraw, Branch & Howard,* contra.

LUKE, J. (After stating the foregoing facts.)

1. "One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297); *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256).

2. "'Gross neglect is the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property.' Civil Code (1910), § 3473. While this and the preceding sections define the different degrees of diligence and negligence in terms of property, the rules thus qualified have been 'recognized as extending with equal force to diligence to prevent injury to the person.' *Alabama Midland Ry. Co.* v. *Guilford,* 119 *Ga.* 523, 525 (46 S. E. 655, 656); Civil Code (1910), § 3472. The distinction between gross negligence and the lack of ordinary care, while not applied in some jurisdictions, is well recognized in this State. *Insurance Company of North America* v. *Leader,* 121 *Ga.* 260, 272 (48 S. E. 972); *Seaboard Air-Line Ry.* v. *Cauthen,* 115 *Ga.* 422 (1), 423 (41 S. E. 653). 'Gross negligence,' as applicable to particular facts and circumstances, in those jurisdictions where it is recognized is also defined as 'the

want of slight care and diligence,' 'such care as careless and in-attentive persons would usually exercise under the circumstances,' 'want of that diligence which even careless men are accustomed to exercise,' 'carelessness manifestly materially greater than want of common prudence,' 'the entire absence of care.' 2 Words & Phrases (2d Series), 787-789, 792. Many authorities regard gross negligence as the equivalent of wilful and wanton negligence, although in this State it is not so accounted, unless the evidence indicates 'that entire absence of care which would raise the presumption of conscious indifference,' or that, with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequence of his conduct would be to inflict injury. *So. Ry. Co.* v. *Davis,* 132 *Ga.* 812, 815, 818 (65 S. E. 131); *So. Ry. Co.* v. *O'Bryan,* 119 *Ga.* 147 (45 S. E. 1000)." *Harris* v. *Reid,* supra, headnote 2. Conceding, but not deciding, that the State law, prohibiting the driving of automobiles at a greater rate of speed than ten miles an hour while approaching and traversing intersections of public highways, applies to intersections of streets in a city, the violation of this law would not constitute gross negligence. *Southern Ry. Co.* v. *Davis,* 132 *Ga.* 812, 817 (65 S. E. 131). The allegation in the petition that such violation amounted to gross negligence was a mere conclusion of the pleader. Further, we find no facts stated in the petition as to the acts and conduct of the defendants which evidenced "the want of that care which every man of common sense, how inattentive soever he may be, takes of his own property," or which evidenced "carelessness manifestly materially greater than want of common prudence," or "the entire absence of care." It follows that the court erred in overruling the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*