### 21261. POOLE v. YAWN.

STEPHENS, J.  1. In a suit against a person with whom the plaintiff was riding in an automobile as a guest, where it appears from the evidence that the defendant was driving his automobile along a public highway at a speed of from 40 to 50 miles an hour, oblivious of a car traveling in the same direction in front until he had approached within such close proximity thereto that in order to avoid running into it from the rear he had to swerve suddenly to the left, and in doing so unexpectedly collided with another automobile, approaching from the opposite direction, it was a question of fact for the jury whether the defendant's conduct constituted gross negligence. *Pitcher* v. *Curtis*, 43 *Ga. App.* 622 (159 S. E. 783).

2. Where upon the trial it appeared from undisputed evidence that after the defendant had turned out to pass the automobile, which was preceding him in the road, and where the plaintiff did not see or notice the latter automobile until just before the defendant undertook to turn out of the road and to pass this automobile, and where the plaintiff did not see the oncoming automobile until just as the collision occurred, the plaintiff, under the circumstances, could not be guilty of any negligence contributing to the injury. This is true notwithstanding the automobile in which the plaintiff was riding may have been running at a fast and negligent rate of speed of forty or fifty miles an hour, and by reason of such fast speed the defendant was obliged to turn out of the road to overtake the automobile which was in front of him, in order to prevent a rear-end collision with the latter automobile. The evidence was insufficient to authorize the inference that the plaintiff was guilty of any negligence, and the court did not err in failing to charge that a duty rested upon the plaintiff to exercise due care to avoid the injuries, or the consequences of the defendant's negligence.

3. This case is distinguishable from *Russell* v. *Bayne*, 45 *Ga. App.* 55, since the evidence in the present case wholly fails to show any fact or circumstance to put the plaintiff upon notice of impending danger in time for her to have taken any steps whatsoever for her own protection.

4. The verdict found for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 23, 1932.

*Walter T. Colquitt, Sidney Smith,* for plaintiff in error.
*George & John L. Westmoreland,* contra.