*F. L. Stephens,* contra.

21864.   ROWE *v.* CAMP.

Decided September 26, 1932.

*Slalon & Hopkins,* for plaintiff in error.

*William H. Mewbourne, Scott Candler,* contra.

Sutton, J.   Mrs. Gordon B. Camp brought suit against D. L. Rowe to recover damages for personal injuries.   The court overruled defendant's general and special demurrer to the petition, and the defendant excepted.

This is another automobile-guest case, and the question for decision is whether the allegations were sufficient to show gross negligence on the part of the defendant.   The facts were as follows: On the morning of February 28, 1930, the defendant and his wife left Atlanta in a Model A Ford sedan automobile for the purpose of going to Jacksonville, Florida, and the plaintiff by invitation accompanied them.   The automobile was the property of the de-

fendant, who drove it until he reached a point about 25 miles north of Valdosta, Georgia, where he gave the wheel to his wife and took a position to her right on the front seat of the automobile and went to sleep. Mrs. Rowe was inexperienced in the operation of Model A Ford automobiles, but had been accustomed to drive Model T Fords, which facts were known to the defendant but unknown to the plaintiff. On Model A Fords the accelerator or gas control is located within two or three inches of the brake and is operated by the right foot, but there is no such accelerator near the brake or operated by the foot on Model T Fords. "When said driver reached a point about ten miles north of Valdosta, Georgia, Lowndes county, the exact distance being unknown to petitioner, and while driving at a rapid and reckless rate of speed, to wit, about 45 miles per hour, she ran off of the pavement on the right-hand side of the road and then suddenly undertook to guide said automobile back into said road in a zigzag crosswise manner and reached at or just past the center thereof when defendant awoke, and at said instant said driver pressed her foot upon the accelerator instead of the brake on said automobile, and said driver suddenly, as the speed of said automobile was thus rapidly increased, guided said automobile into a deep embankment on the left-hand side of said road and turned said automobile over on its right side, breaking the glass in the doors thereof, wrecking it and seriously" injuring the plaintiff. At the point where the automobile was wrecked the road was paved and was straight or practically so, and there were no other automobiles and no obstructions to interfere with the operation of the vehicle.

The petition alleged that the defendant himself, and by and through his wife as the driver, was grossly negligent in the following particulars: " (a) In recklessly and negligently driving said automobile at the rapid and negligent rate of speed as aforesaid. (b) In turning said automobile over to said driver who was inexperienced in the manipulation of said Model A Ford sedan. (c) In going to sleep while his said wife, inexperienced as aforesaid, was operating said automobile. (d) In driving said automobile off of the right-hand side of said road and back across said road in a zigzag manner into the embankment on the left-hand side of said road while same was being driven in a rapid and reckless rate of speed as aforesaid. (e) In accelerating the speed of said auto-

mobile rather than applying the brake when said automobile was partially crosswise the road as aforesaid. (*f*) In driving said automobile into the embankment and turning said automobile over, and in recklessly failing to reduce the speed of said automobile and bringing it under control when the same was crosswise on said road."

Even eliminating the fact that the defendant went to sleep after permitting his wife to assume control of the vehicle, and treating the case as if the defendant had remained at home and entrusted the car exclusively to his wife, we are of the opinion that the allegations with respect to her own conduct while driving as the defendant's agent would, if established by evidence, be sufficient to justify an inference of gross negligence on her part. With knowledge that she was inexperienced in operating an automobile of the particular type, which was materially different from the model to which she was accustomed, she nevertheless accelerated its speed to a rate prohibited by a penal statute (Ga. L. 1927, p. 226, § 11), and then, without apparent necessity, allowed the car to leave the pavement while traveling at this excessive speed. · If the deviation was due to inattention, the degree of negligence was enlarged; if due to an unfamiliarity with a car of this model, it yet emphasized the danger of speeding under such circumstances and might illustrate a degree of carelessness exceeding ordinary negligence.

What happened afterwards appears to have been the result of the emergency thus created and may not have added to the negligence involved. But it seems to us that under the general rule applicable in negligence cases the question of whether the driver was grossly negligent in operating the vehicle at such excessive speed, in the manner and under the circumstances set forth in the petition, ought not to be decided by the court as a matter of law, but, on proof of the allegations, should be submitted to a jury for determination as an issue of fact.

The special grounds of the demurrer raised no question beyond that presented by the general grounds; and under the authorities cited in the headnotes, it is our opinion that all grounds of the demurrer were properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*