23969, 23970. RAGSDALE *v.* LOVE.

STEPHENS, J. 1. The owner of an automobile owes a duty to others lawfully riding in it, while it is being operated either by him or through him by his authorized agent, to exercise due care and diligence in its maintenance and operation.

2. It is a question of fact whether the owner of an automobile who is operating it along a public road, through himself or his authorized agent, is guilty of negligence as respects an occupant lawfully in the automobile at the time, in operating it at a speed of from 40 to 50 miles an hour, where one of the tires is worn out and abused to such an extent that it is unfit for use on an automobile with safety in transportation at the speed at which the automobile is traveling.

3. It is also a question of fact whether such person in operating the automobile is negligent in failing to know that it is equipped with the

worn and abused tire, and whether such person, who is experienced in the operation of automobiles and who knows the danger attendant upon suddenly applying the brakes to an automobile in an emergency, is, after a tire on the automobile has blown out while the automobile is traveling, guilty of negligence in suddenly applying the brakes and thereby causing the automobile to turn over and injure occupants thereof.

4. A petition in a suit against two defendants, one of whom is a husband and the other is the wife, in which it is alleged that the plaintiff, while riding in an automobile which was owned by the husband and at the time was being operated by the wife as his agent in its operation, in that the automobile was maintained and furnished by him to her to be used for her pleasure and comfort, was injured by the automobile's overturning on the road as a result of the blow-out of a tire and the sudden application of the brakes by the driver while the plaintiff was riding in the car either as a guest or in attendance on business for either the husband or the wife, and that the plaintiff's injuries were proximately caused by the alleged negligence of both of the defendants under the circumstances indicated above, which are alleged as actual negligence by both defendants, the allegations are sufficient as charging gross negligence against both defendants in the maintenance and operation of the automobile under the circumstances indicated, and that such negligence was the proximate cause of the plaintiff's injuries. *Hall* v. *Slaton,* 40 *Ga. App.* 288 (149 S. E. 306).

5. The petition set out a cause of action against both defendants, and was not subject to the objection that it was a misjoinder of parties or actions.

6. The court did not err in overruling the general and special demurrers of each defendant to the petition.

*Judgment in each case affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 2, 1935.

*James N. Frazer, Sidney Smith,* for plaintiff in error.
*W. S. Northcutt,* contra.