## 24846. FRYE v. PYRON.

SUTTON, J. Plaintiff received permanent and painful personal injuries in a wreck of an automobile in which she was riding as a guest of the defendant. She brought suit for damages against the owner, who was driving the automobile at the time of the wreck. The defendant demurred to the petition on both general and special grounds. The trial judge sustained certain of the special grounds, with leave to the plaintiff to amend, which she did. The defendant renewed his demurrer, and to the judgment overruling it he excepted. *Held:*

1. The petition is grounded on negligence, it being alleged that the conduct of the defendant that resulted in plaintiff's injuries was wilful and wanton negligence. Questions of negligence and diligence, even of gross negligence and slight negligence, being questions of fact and not of law, are as a rule to be determined by a jury. *Rowe* v. *Camp*, 45 *Ga. App.* 794 (165 S. E. 894).

2. "One riding by invitation and gratuitously in another's automobile cannot recover for injuries caused by the other's negligence in driving, unless it amounted to gross negligence." *Epps* v. *Parrish*, 26 *Ga. App.* 399 (106 S. E. 297); *Harris* v. *Reid*, 30 *Ga. App.* 187 (117 S. E. 256); *Peavy* v. *Peavy*, 36 *Ga. App.* 202 (136 S. E. 96). "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentive he may be, exercises under the same or similar circumstances. Applied to the preservation of property, slight diligence means that care which every man of common sense, howsoever inattentive he may be, takes of his own property. The absence of such care is termed gross negligence." Code of 1933, § 105-203. For a fuller and more elaborate discussion of the meaning of the term "gross negligence," see *Harris* v. *Reid*, supra.

3. Gross negligence and wilful and wanton negligence are equivalent when the allegations of fact set up in the petition show "that entire absence of care which would raise the presumption of conscious indifference," or that "with reckless indifference, the person acted with actual or imputed knowledge that the inevitable or probable consequences of his conduct would be to inflict injury." *Harris* v. *Reid*, supra; *Peavy* v. *Peavy*, supra; *Lanier* v. *Bugg*, 32 *Ga. App.* 294, 296 (123 S. E. 145), and cit.

4. Where the gravamen of the action alleged, as in this case, is gross negligence, the characterization in the petition of the act of negligence as wilful and wanton is a mere conclusion of the pleader, and may be treated as surplusage, if it be regarded as attempting to allege wilful and wanton misconduct, and does not affect the sufficiency of a cause of action for gross negligence. See *Western Union Telegraph Co.* v. *Harris,* 6 *Ga. App.* 260 (64 S. E. 1123); *Blanchard* v. *Ogletree,* 41 *Ga. App.* 4, 7, 8 (152 S. E. 116); *Standard Oil Co.* v. *Parrish,* 40 *Ga. App.* 814 (151 S. E. 541).

5. Accordingly, the petition of the plaintiff guest set out a cause of action for submission to a jury, on gross negligence. She alleged that she was riding in defendant's automobile as a guest, together with two other guests of the defendant; that they, with the defendant, were returning late at night from a dance; that the defendant was driving the automobile at an excessive rate of speed, and on being remonstrated with and cautioned about the same by one of the guests therein, he increased his speed and drove his automobile in a reckless manner at an excessive speed in violation of the State speed law making it an offense to travel at a greater speed than 40 miles an hour, defendant's speed at the time being between 70 and 80 miles an hour, and this upon approaching and traversing an "S" curve in the public highway; that on such curve the defendant attempted to pass upon the left of another automobile, which was also traveling at an excessive speed; that in so doing the defendant drove his automobile across to the left side of the highway; that a street-car was approaching directly in front of defendant's automobile; that defendant became unnerved and turned loose his steering wheel and put his hands over his face; that another guest in defendant's automobile grabbed hold of the wheel to avoid a collision and turned the same still further to the left, and the car ran off the highway on the left, struck and broke off a fire-plug, ran through an iron fence, and then turned over twice, producing the injuries complained of by plaintiff; that defendant's conduct in so operating his automobile upon the "S" curve, in attempting to pass the automobile in front of him, which was speeding, all at such an excessive rate of speed as 70 to 80 miles an hour, constituted wilful and wanton negligence, and "said defendant knew that his doing so would probably injure" plaintiff and his other guests; and that defendant's act in turning loose his steering-wheel at the time and place in question, traveling at such rate of speed, and covering his face with his hands, was wilful and wanton negligence, and "an utter disregard for plaintiff's safety, and constituted an intention to injure her." See *Blanchard* v. *Ogletree,* supra; *Poole* v. *Yawn,* 45 *Ga. App.* 58 (163 S. E. 315); *Rowe* v. *Camp,* supra; *Slaton* v. *Hall,* 172 *Ga.* 675 (2), 682 (158 S. E. 747).

6. Applying the above rulings, the trial judge properly refused to dismiss plaintiff's action on demurrer, holding that the petition made a case for submission to a jury.

7. On motion for rehearing the original opinion in this case was withdrawn and the foregoing opinion substituted in lieu thereof. The motion for rehearing is denied.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 2, 1935. REHEARING DENIED AUGUST 5, 1935.

*Carpenter & Ellis,* for plaintiff in error.
*David A. Pirkle Jr., Burress & Dillard,* contra.