## 25168. FRANK *v.* HOROVITZ.

DECIDED FEBRUARY 6, 1936. REHEARING DENIED FEBRUARY 25, 1936.

*Julian F. Corish,* for plaintiff in error.
*Hester & Clark,* contra.

SUTTON, J. The defendant came to the plaintiff's place of business and informed him that he was going on a business trip in his automobile, returning late that day, and invited the plaintiff to accompany him because he did not want to travel alone, and wanted the plaintiff for his companion, and at "defendant's behest and request" plaintiff accompanied him. One of the tires on defendant's automobile was in an old and worn-out condition, and he had been warned that it was unsafe to travel with the automobile having a tire in that condition. The plaintiff did not know about the condition of this tire or of the warning given to defendant. The defendant drove his automobile over rough unpaved country roads at a speed of 40 to 50 miles an hour, which was dangerous particularly on account of the condition of such tire. The wheels of said automobile struck a rock in the road, and because of such old and worn-out condition of the tire it burst, but the defendant continued to drive on about 20 or 30 yards, and "suddenly and without warning . . turned the car to the right and wilfully and deliberately drove the car into a ditch" about three feet wide and four feet deep, thereby bringing the car to a sudden stop, and the plaintiff was injured as alleged.

He brought suit against the defendant in two counts, charging in the first count that the defendant was negligent (a) in failing to use ordinary care to avoid injuring the plaintiff; (b) in operating his automobile at a speed in excess of the State speed law; (c) in operating the car with reckless indifference to the plaintiff's life and limb, in view of the condition of the tires; (d) in operating the car at such speed with such defective tire; (e) in failing to warn the plaintiff that the automobile was equipped with such old tire; and (f) in operating the automobile at the time and under the conditions while equipped with such defective tire which was unfit for service. In the second count the plaintiff alleged that the (above) acts charged as negligence on the part of the defendant constituted gross negligence, and in addition thereto charged that the defendant was guilty of gross negligence, causing the plaintiff's injury, (g) in wilfully and deliberately driving the automobile into a ditch at the side of the road which was three feet wide and four feet deep, when there was no need of his doing so; (h) in wilfully and deliberately driving the automobile into the ditch, without warning to the plaintiff of his intention so to do; (i) in operating the automobile with reckless indifference to the life and limb of the plaintiff; in deliberately and wilfully driving it into such ditch; and (j) in failing properly to apply the brakes of his car at the time and place and under the circumstance alleged. The defendant demurred generally to each count of the petition, and specially to the allegations as to gross negligence set out in the clause denominated "(g)" above on the ground that they constituted a conclusion of the pleader. The judge overruled the demurrer, and the defendant excepted.

1. "One riding by invitation and gratuitously in another's automobile can not recover for injuries caused by the other's negligence in driving, unless it amounted to gross negligence." *Frye* v. *Pyron*, 51 *Ga. App.* 613 (181 S. E. 142). The plaintiff was riding in the automobile at the invitation of the defendant and was his invited guest. The decision of this court in *Ragsdale* v. *Love*, 50 *Ga. App.* 900 (4) (178 S. E. 755), was based on the alleged gross negligence of the defendants therein, as will be noted from the fourth head note of that decision.

2. The petition in this case set out a case for submission to a jury on the question of gross negligence, under the rulings in

*Ragsdale* v. *Love,* and *Frye* v. *Pyron,* supra, and in *Lee* v. *Lott,* 50 *Ga. App.* 39 (177 S. E. 92), and cit. The judge did not err in so holding. What constitutes gross negligence and proximate cause is ordinarily a question of fact for determination by a jury, and it is only in plain and indisputable cases that such questions will be determined by the court as questions of law. *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894); *Brown* v. *Savannah Electric &c. Co.,* 46 *Ga. App.* 393 (167 S. E. 773); *Smith* v. *Kleinberg,* 49 *Ga. App.* 194 (174 S. E. 731).

3. The plaintiff set forth facts alleged to have brought about the accident resulting in his injury. He charged that the defendant was grossly negligent in certain particulars based on these allegations of fact. The allegations that the defendant was guilty of gross negligence "in wilfully and deliberately driving the said automobile into a ditch at the side of the road, without warning the petitioner of his intention to do so," are not subject to special demurrer on the ground that they are a mere conclusion of the pleader, without any facts alleged on which to base such charge of gross negligence. *West* v. *Rosenberg,* 44 *Ga. App.* 211 (160 S. E. 808); *W. & A. R.* v. *Reid,* 33 *Ga. App.* 396 (126 S. E. 393).

4. This petition is in two counts. While the allegations of fact in both counts are substantially the same, except that the allegations in the second count specify the negligence alleged as gross negligence, and as counsel for both parties seem to treat the first count as being predicated on simple negligence, this court, in dealing with the same, will so treat it. In any view, the second count set up a cause of action for gross negligence, and the judge properly overruled the demurrer. Treating the first count as above stated, the demurrer should have been sustained. In any event the allegations in the first count are superfluous in so far as this case is concerned, and should have been stricken, as the same facts are set out therein, so far as they go, as are contained in the second count.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Stephens, J., concur.*