25663. CAPERS *v.* MARTIN.

DECIDED NOVEMBER 18, 1936.

*Bussey & Fulcher,* for plaintiff in error.

*J. Gerald Mulherin, C. E. Dunbar,* contra.

JENKINS, P. J. The petition brought by the next friend of a minor guest, against the owner of the automobile in which she was riding, set forth that the defendant was driving on a street, "approaching another street that was one of the main thoroughfares through the City of Hendersonville [North Carolina], and without slowing her speed or sounding her horn . . drove her automobile into the side of another automobile that was directly in front of her car and passing defendant's car at right angles;" that "had the defendant used *any caution whatever,* by either *looking in the direction in which she was driving,* sounding her horn, or attempting to use her brakes, said accident could have been avoided; and that there was *no excuse or reason for defendant not seeing the automobile in front of defendant's automobile and avoiding striking same;"* and that since defendant's car was entirely in her custody and control at the time of the accident, "she is *chargeable with gross negligence* and she is *responsible in damages therefor."* The averment as to "gross negligence" immediately follows a paragraph alleging that the guest had no control or right of control over the driving or operation of the car, and is thus somewhat indirectly made. Although the word "chargeable" more frequently signifies capable of being charged, or liable to, subject to, or proper to being charged, yet it also carries the meaning of responsible, accountable, or amenable. See 11 C. J. 293; Webster's Unabridged Dictionary. There is an express allegation, not only that the defendant is "chargeable with gross negligence," but that "she is responsible in damages therefor." This averment, taken with the preceding statement of specific facts, sufficiently charged the "gross negligence" which alone would render the defendant legally liable. Although the mere failure to sound

the horn, or to slow the rate of speed, where no rate of speed was alleged, or to use the brakes, as to any one of these omissions or even as to all combined, could not be said to show any more than ordinary negligence; yet under the foregoing principles, taking the express charge of gross negligence in connection, not only with these alleged omissions, but with the additional statement that all of these things occurred while the plaintiff was not looking in the direction in which she was riding on a public street while approaching its intersection with "one of the main thoroughfares" of the city, that there was "no excuse or reason for defendant not seeing the automobile" passing at right angles in front of her, and that the injury could have been avoided by the use of "any caution whatever," these averments were such that, if proved, it would be for a jury to determine whether the alleged omissions and acts, under all the relevant facts and circumstances, amounted to gross negligence within the stated definition. There being no special demurrer, the court did not err in overruling the general demurrer to the petition. See also *Frank* v. *Horovitz*, 52 *Ga. App.* 651 (183 S. E. 835); *Ragsdale* v. *Love*, 50 *Ga. App.* 900 (4) (178 S. E. 755); *Houston* v. *Taylor*, 50 *Ga. App.* 811, 814 (3) (179 S. E. 207).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*