## 32230. HENNON v. HARDIN.

DECIDED NOVEMBER 20, 1948.

*Graham Wright, Wright & Scoggin,* for plaintiff in error. *Maddox & Maddox,* contra.

PARKER, J. The sole question presented by the demurrers and argued before this court is whether the petition as amended set forth a cause of action based upon the gross negligence of the defendant.

" 'One riding by invitation and gratuitously in another's automobile can not recover for injury caused by the other's negligence in driving, unless it amounted to gross negligence.' *Epps* v. *Parrish,* 26 *Ga. App.* 399 (106 S. E. 297) ; *Harris* v. *Reid,* 30 *Ga. App.* 187 (117 S. E. 256) ; *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96) ; *Bolton* v. *Bluestein,* 55 *Ga. App.* 782 (191 S. E. 388). Questions of negligence and diligence, even of gross negligence and slight diligence, being questions of fact and not of law, are as a rule to be determined by the jury. *Rosenhoff* v. *Schaul,* 42 *Ga. App.* 776, 779 (157 S. E. 215) ; *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894) ; *Frye* v. *Pyron,* 51 *Ga. App.* 613 (181 S. E. 142)." *Atlantic Ice & Coal Corp.* v. *Newlin,* 56 *Ga. App.* 428 (192 S. E. 915). See also *Barbre* v. *Scott,* 75 *Ga. App.* 524 (43 S. E. 2d, 760). "In general, slight diligence is that degree of care which every man of common sense, howsoever inattentative he may be exercises under the same or similar circumstances. . . The absence of such care is termed gross negligence." Code, § 105-203.

While this court recognizes the rule that a violation of the speed laws alone would not in and of itself constitute gross negligence (*Peavy* v. *Peavy,* 36 *Ga. App.* 202, 136 S. E. 96), and that the violation of a State law by the driver of an automobile does not necessarily amount to gross negligence (*Hopkins* v. *Sipe,* 58 *Ga. App.* 511, 199 S. E. 246), we can not say as a matter of law that one driving an automobile 70 miles per hour, around a 45 degree

curve, and attempting to pass another automobile on such curve, is not guilty of gross negligence. This would be a question for the jury. In *Moore* v. *Bryan*, 52 *Ga. App.* 272, 282 (183 S. E. 117), Judge Sutton, speaking for this court said: "While simply operating an automobile in violation of the speed laws would not necessarily as a matter of law be gross negligence, still an automobile can be operated in such a manner and at such an excessive and dangerous rate of speed, say 70 miles an hour, as to be out of control of the driver, and under the circumstances of the particular case, to present a jury question as to whether or not the driver was guilty of gross negligence." Gross negligence does not amount to wilful and wanton disregard for the rights of others (*Lee* v. *Lott*, 50 *Ga. App.* 39, 177 S. E. 92), and we think that one may be guilty of gross negligence and still be in the exercise of some degree of care.

Under the view we take of this case it comes within the well-settled rule that ordinarily questions of negligence and diligence, including gross negligence and slight diligence, are questions of fact and not of law; and the court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*