34441. STAPLETON *v.* STAPLETON, by next friend.

DECIDED JANUARY 17, 1953.

418

*Fulcher, Fulcher & Hagler, C. Wesley Killebrew,* for plaintiff in error.

*Harris, Chance & McCracken,* contra.

GARDNER, P. J. It is insisted by counsel for the defendant that the evidence demanded a finding by the jury that the driver of the defendant's automobile, Mrs. Marie Stapleton, his mother and the mother of the plaintiff, was not only not grossly negligent in its operation, but that her driving on said occasion did not amount to negligence at all, and that it appeared conclusively from the evidence that the plaintiff's injuries were purely accidental. The defendant urges that the verdict in favor of the plaintiff is not authorized by the evidence, that a verdict to the contrary was demanded by such evidence, and that such verdict was contrary to law. Counsel for the defendant say in their brief that "it therefore appears without contradiction that this occurrence was an accident pure and simple, for which the defendant is not liable"; and that "It is universally recognized that verdicts cannot be based on mere conjecture, speculation, or suspicion." The "proof must establish a connection between the act charged and the injury alleged as its effect before the plaintiff can be permitted to recover"; and "a possible cause cannot

be accepted by a jury as the operating cause unless the evidence excludes all others or shows something in the way of direct connection with the occurrence." 20 Am. Jur. 1028, § 1178. With this abstract law we are in accord. However, it is not applicable under the facts of this case. We do not agree that the evidence before the jury demanded a finding to the effect that the plaintiff's injury did not result from the negligence of her mother in the operation of the automobile of the defendant and was an accident.

It appeared from the evidence: that the plaintiff was a child nearly five years of age at the time of her injury; that Mrs. Marie Stapleton, the plaintiff's mother, at the instance and request of the defendant, Maurice Stapleton, the son of Mrs. Stapleton and brother of the plaintiff, used his automobile to deliver some poultry to Mrs. Mary Newsome, another daughter of Mrs. Stapleton; that Mrs. Mary Newsome lived two or three miles from where Mrs. Stapleton, her husband, and the plaintiff lived; that the plaintiff was carried along by Mrs. Stapleton in making this trip for her son, the defendant, and she informed him that it would be necessary that this child accompany her, if she made the delivery of the chickens for the defendant; that Mrs. Stapleton drove this automobile into the driveway at Mrs. Newsome's home and delivered the poultry to her, and as she started to leave, Mrs. Marie Stapleton testified that, in order to best get out of the driveway, it was necessary that she "back up" a hill, and accordingly she "mashed on the gas pretty heavy because I knew I had to go up this hill"; that she was backing "pretty fast," forty-five or fifty miles an hour; that she knew "I back up pretty fast"; that "When I backed I cut my wheels sharply to make the turn"; and as Mrs. Stapleton was backing and sharply and suddenly cut the wheels of the car, the plaintiff, who was sitting on the front to the right of her mother, was thrown against the car door which came open, and "was thrown" out of the automobile, and the right front wheel of the car ran upon her body. The foregoing facts were sufficient to authorize the jury to find that the plaintiff was injured because of the gross negligence of her mother in the operation of the defendant's automobile on said occasion.

The defendant contends that the plaintiff must show gross

negligence on the part of the driver of this automobile, causing her injury, before she can prevail, it appearing that she occupied the status of a guest in accompanying her mother in the defendant's car on this occasion. It is contended by the plaintiff, however, that she was not a guest but occupied the position of an invitee. However that may be, in the view which we take of this case, it is not necessary to determine that question. The jury tried this case under the theory that the plaintiff was a guest, the court having so instructed them, and it is our opinion that the evidence adduced was sufficient to authorize a finding that the plaintiff's mother, in the manner in which she operated this automobile, backing at a speed that was "pretty fast," and suddenly and sharply cutting the wheels to make the turn out of the driveway, while the plaintiff, a child of not quite five years of age, was on the front seat with her, without ascertaining if the front door of the car was pulled to, so as to hold securely, or if it was fastened or not, was guilty of gross negligence, as a result of which the plaintiff was injured. The speed with which Mrs. Stapleton backed the car was not the only factor for the jury's consideration in ascertaining whether she was grossly negligent or not. It is true that this would not, in and of itself, be sufficient. *Peavy* v. *Peavy,* 36 *Ga. App.* 202 (136 S. E. 96); *Moore* v. *Bryan,* 52 *Ga. App.* 272, 282 (183 S. E. 117). As we have pointed out above, the sudden and sharp cutting of the wheels, and the failure to ascertain whether the door of the car on the side where the child was sitting was securely closed or was fastened, were all factors to be taken into consideration by the jury, along with the speed of the automobile. See also *Hennon* v. *Hardin,* 78 *Ga. App.* 81 (50 S. E. 2d, 236). It is true that as to a guest who is injured while riding in another's car, it is necessary to show that the driver of the automobile was guilty of gross negligence causing the injury to the guest, before there can be a recovery. *Hennon* v. *Hardin,* supra; *Frye* v. *Pyron,* 51 *Ga. App.* 613 (181 S. E. 142); *Ragsdale* v. *Love,* 50 *Ga. App.* 900 (178 S. E. 755). "The owner of an automobile owes a duty to others lawfully riding in it, while it is being operated either by him or through him by his authorized agent, to exercise due care and diligence in its maintenance and operation." *Ragsdale* v. *Love,* supra. The petition here does not charge, in that lan-

guage, that the driver of the defendant's car was grossly negligent in her operation of same, whereby the plaintiff was injured. However, this is not material where the proven facts authorize the jury to find that the driver of the automobile was grossly negligent in her operation thereof, whereby the plaintiff was injured. See *Frye* v. *Pyron,* supra; *Ragsdale* v. *Love,* supra. All questions of negligence and diligence, proximate cause, contributory and comparative negligence, and of gross negligence and slight diligence, are generally to be determined by the jury under proper instructions from the court, and should not be settled by the court as matters of law, except in plain and indisputable cases. *Rowe* v. *Camp,* 45 *Ga. App.* 794 (165 S. E. 894); *Moore* v. *Shirley,* 68 *Ga. App.* 38(3) (21 S. E. 2d, 925). As we have stated, it is our opinion that the evidence here was ample to authorize a verdict finding that the defendant, through his mother and agent, was grossly negligent, and that as a result the plaintiff, his infant sister, was injured.

The facts in the present case are not analogous, as contended by the defendant, to those before the court in *A. C. L. R. Co.* v. *Carver,* 81 *Ga. App.* 26 (57 S. E. 2d, 692). The sole conclusion to be reached from the facts appearing in the present case is not that the defendant's acts do not amount to negligence, and such cases as *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618 (57 S. E. 2d, 18), are not applicable. The case under consideration is not similar to such cases as *Tucker* v. *Andrews,* 51 *Ga. App.* 841 (181 S. E. 673), and *Minkovitz* v. *Fine,* 67 *Ga. App.* 176 (19 S. E. 2d, 561), where as a matter of law the jury were without authority to return the verdict rendered and no question was presented for their determination.

The evidence authorized the verdict for the plaintiff and the same is not contrary to law. It follows that the trial judge properly overruled the defendant's motion for a new trial, which was based on the general grounds only.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*