COLLEY *v.* THE GATE CITY COFFIN COMPANY.

The action being by an employee against his employer for personal injuries alleged to have resulted from defective machinery and appliances which the employee was using in the line of his duty, the declaration is amendable, at the trial, by varying and amplifying the particulars in respect to which the machinery was defective and in respect to the manner in which the injuries were

inflicted, the amendment evidently relating to the same occasion, the same occurrence, the same injuries and the same machinery referred to in the declaration. No new cause of action is introduced either with reference to the statute of limitations or any other rule of law. The amendment offered being good in substance and relevant, the court erred in rejecting it, and this error vitiated the trial and rendered nonsuit in which it resulted erroneous.

November 6, 1893.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. March term, 1893.

On May 14, 1892, Colley filed his declaration alleging: On May 7, 1890, he was in the employment of defendant, engaged in curving sides of boxes, or for boxes,. and discovered that the belt that ran the curve saw was off the pulley; the sand drum was run by the same shafting that ran the curving saw, and he had to adjust the belt from the tight pulley to the loose pulley in order to stop the shafting so that he could place the saw belt on the pulley; and while attempting to adjust the belt, the hanger was torn loose from the floor, striking him with great force, breaking his collar-bone, two ribs, etc. He set out his pain and suffering, the permanency of the injuries, the reduction of his capacity to earn money, etc.,. and further alleged: He was in no wise to blame, but it was the result of gross negligence of defendant. All the machinery was run by steam power, and the method adopted by him in attempting to adjust the belt was the usual and only way he knew how to adjust it, and· was in keeping with directions previously given him, or rather he did it as he had noticed others do it, and but for the fact that. the shafting was improperly and unsafely put up, the injury would not have happened. The counter-shafting was out of balance from being bent or improperly hung, and added to the cause of the injury. This defect was also unknown to him. He had only a very short experience in working with and managing

machinery. He alleged that this cause of action was sued to the December term, 1890, of the court, dismissed by order of the court on March 25, 1892, and renewed in the time required by law. Upon the trial his counsel asked him as a witness to state how the hanger that held the counter-shafting to the floor was fastened to the floor. An objection to this was sustained, on the ground that there was no allegation in the declaration complaining of the fastening of the hanger. Plaintiff's counsel also asked him the question, what made it break loose at that end; and he answered: "I saw nothing to make it break loose; if it had been properly put to the floor it would not have broken loose, I don't believe." On objection the court ruled this answer out, upon the ground that there was no allegation that it was not properly put to the floor. Plaintiff's counsel also asked one Ashley, who was an expert witness, to state how machinery on the order of this (indicating) should be attached to the floor. On objection the court held that, under the declaration, plaintiff could not attack the fastening of the hanger to the floor. Thereupon plaintiff offered to amend by adding to the declaration, that the shafting or hangers were improperly or unsafely fastened down; that the same should have been bolted to the floor, or longer leg screws should have been used in fastening it down; that those used were entirely too short, and in this way the shafting or hangers were improperly and unsafely put up. The court refused to allow this amendment, making the following ruling: "In this case, this action was barred when this was brought, except in so far as it specifically revived or renewed the action of the original declaration. In the original declaration the ground of recovery was sought both upon the suggestion that the shafting was bent and out of balance, and also upon the ground that the hanger was insecurely fastened to the floor. The new declaration

specifically assigns the ground of negligence to be that the shaft (I suppose it means the counter-shaft, though it does not say so) was out of balance, and that the reason it was out of balance was because it was bent, or improperly hung. I hold hat there is no allegation at all in this declaration which can be construed, upon the principles which govern the construction of pleadings, to be an allegation, even in general terms, that the hanger was not properly secured to the floor. That being true, the amendment offered now to an action barred when the suit was begun, cannot be entertained." On this ruling the plaintiff assigned error, because the first declaration charged specifically. that the hanger was insecurely fastened to the floor, and there being enough in the second declaration to amend by, the hanger and shafting and counter-shafting being inseparable, the amendment should have been allowed, and the statute of limitations did not apply. He further assigned error upon the rejection of testimony as already stated, and upon the grant of a nonsuit at the close of his evidence.

R. J. Jordan, J. A. Van Winkle and R. R. Arnold, for plaintiff. Hall & Hammond, for defendant.

Lumpkin, Justice.

The main errors complained of in the bill of exceptions were the rejection of an amendment offered to the plaintiff's declaration, and the granting of a nonsuit. It is unnecessary to discuss the assignments of error with reference to the rejection of certain testimony which the plaintiff sought to introduce, because if the amendment to the declaration had been allowed, the court would doubtless have admitted this evidence. The substance of the declaration and of the amendment offered is set forth in the reporter's statement. The amendment should have been allowed, and the case should have been submitted to the jury. We have not,

in deciding this case, paid any attention to the contents of a previous declaration filed by the plaintiff against the same defendant, because that declaration is not properly before this court. It was not introduced in evidence, nor was a copy of it attached as an exhibit to the present declaration, or its substance set out therein. Therefore, the specification of the former declaration in the bill of exceptions as a part of the record of the present case was improper, and the judge had no authority to recognize or order it to be sent up as a part of such record.

Taking the second declaration, the one now before us, and the amendment offered to it, the first question is, did the amendment set up a new and distinct cause of action, or was it merely an amplification of that contained in the declaration? There can be no doubt that this declaration is very loosely and imperfectly drawn. It would seem that with very slight effort or care the counsel who prepared it might have made it much more clear and satisfactory, and thus have relieved the trial court and this court of the labor and investigation unnecessarily imposed upon them in passing upon its sufficiency. It does, however, state that the plaintiff was an employee of the defendant; that he received serious personal injuries, which resulted from defective machinery and appliances which the employee was using in the line of his duty; that the plaintiff was in no wise to blame, and that the injuries were the result of the gross negligence of the defendant in improperly and unsafely putting up the shafting, which was a part of the machinery in question. The purpose of the amendment was undoubtedly to amplify, and to some extent vary, the particulars in respect to which the machinery was was defective, and also in respect to the manner in which the injuries were inflicted. It is also quite clear that this amendment related to the same occasion, the same

occurrence, and the same injuries referred to in the declaration, and consequently it does not introduce a new and distinct cause of action.

We will now inquire briefly as to the bearing of the statute of limitations upon this case as affects the question of amendment. The declaration having been filed more than two years after the injuries therein complained of, the plaintiff's right of action is barred, unless the present suit is in fact a renewal of a former one for the same cause of action, and was instituted within six months from the dismissal of the original suit. It will be observed the declaration alleges that the former action was brought to the December term, 1890, of the city court of Atlanta, and was dismissed on the 25th day of March, 1892, and that the present suit, filed May 14th, 1892, was a renewal of the original action. Under section 2932 of the code, the present action was brought in time if, taking together the declaration and the amendment offered to it, they relate to the same cause of action as that for which the first suit was brought. Whether they do or not is a question of fact which could be easily settled by a comparison of the two declarations, but it was no obstacle to the allowance of the amendment that the action would have been barred if the present suit had been delayed until the time the amendment was offered, provided this suit itself was brought in time. *Verdery* v. *Barrett*, 89 *Ga.* 349. See, also, Ala. Great So. Ry. Co. *v.* Thomas & Sons, 89 Ala. 294, 18 Am. St. Rep. 119, in which it was held that amendments adding new averments of facts more clearly showing the negligence complained of, or otherwise altering the grounds of recovery, or varying the alleged mode in which the defendant had violated its duties, should be allowed; and that such amendments were not subject to the bar of the statute of limitations, if the action was commenced within the time designated by the statute.

As to the effect of the plaintiff's failure to introduce the record of the former suit, and consequently to prove its existence or character, we will remark that it was incumbent on him to show that in point of fact the present suit was a renewal of the former one. This he could not do without putting the record in evidence, and consequently, but for the error of the court in rejecting the amendment to the declaration, the granting of the nonsuit would have been undoubtedly right, on the ground that the plaintiff failed to take his case out of the statute of limitations. This error, however, vitiated the entire trial and its result. By the rejection of this amendment, the plaintiff was cut off from making out his case. We have already suggested that this ruling deprived him of the benefit of some testimony which he actually sought to introduce, and it may be that it prevented his offering other testimony which might have sustained his action. At any rate, he was entitled to a trial upon his declaration as it would have been with the amendment allowed. He would then have had a full and fair opportunity to get his entire case fairly and squarely before the jury. The judgment granting the nonsuit was necessarily infected with the erroneous refusal to allow the amendment, and therefore it cannot stand.    *Judgment reversed.*