NORA E. WHITFORD vs. ROWLAND B. PALMER, Town
Treasurer.

JULY 2, 1915.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Abatement and Revival.   Action Against Town.*

An action brought against a town treasurer, who retired from office while the action was pending, was dismissed for failure of plaintiff to summon in the new town treasurer, under Gen. Laws, cap. 283, § 13.

At the time the suit was dismissed the new treasurer had been in office for more than a year and more than one year had elapsed since the cause of action accrued.

*Held,* that the failure of plaintiff to summon in the new town treasurer for the space of one year worked an abatement of the original suit by operation of law at the expiration of the year, but under Pub. Laws, cap. 684, plaintiff had one year from the abatement of the first action within which another action could be brought.

TRESPASS ON THE CASE.   Certified on issues of law.

VINCENT, J.   This case comes before us for the determination of issues of law certified under the statute by the Superior Court for Washington County, said issues arising upon the defendant's demurrer to the plaintiff's replication.

The plaintiff alleges that on or about the 19th day of October, 1909, she sustained injuries in consequence of a defect in one of the public highways of the town of Exeter.

On March 14, 1910, she brought her action against Lewis C. Grinnell, town treasurer of said town, to recover damages for such injuries.   On the 7th day of June, 1910, while the plaintiff's action was still pending, Rowland B. Palmer succeeded Grinnell as town treasurer and has since continued in the occupancy of that office.   Palmer, as town treasurer, was never summoned in nor did he ever appear in court, within one year from June 7, 1910, and take upon himself the defence of said action.   On September 18, 1911, the case was dismissed in the Superior Court by reason of the failure of the plaintiff to summon in the said Rowland B. Palmer as town treasurer.

On February 19, 1912, the plaintiff commenced another action to recover damages for the same injury against Rowland B. Palmer, town treasurer. It will be unnecessary for us to take up and discuss in detail the various pleadings in the case. The matter is certified to us for the determination of the following question: "1. Can the plaintiff bring the present action by virtue of the provisions of Chap. 684 of the Public Laws, 1911, it being brought more than one year after the happening of the accident and more than one year after the qualification of the present defendant as town treasurer of the town of Exeter, who was the successor of the former town treasurer, against whom an action had been brought by this plaintiff for this same cause, while he was and as town treasurer, but less than one year after the dismissal of the original suit?"

The question thus submitted seems to us to present two issues of law, and that appears to be the view taken by the parties in their respective briefs: (1) Has the plaintiff any right to maintain her present action under Chapter 684 of the Public Laws, passed April 26, 1911; and (2) can the plaintiff upon the facts disclosed now avail herself of the advantages of said Chapter?

The defendant contends (1) that the plaintiff cannot maintain her said action and (2) that the plaintiff is now barred from any benefit of Chapter 684 through her failure to pursue her statutory rights in her original action.

(1) The plaintiff's original action was properly brought against Grinnell as town treasurer. When he retired from office and was succeeded by Palmer, the plaintiff's suit was still pending. Later, through her failure to have the new town treasurer summoned in, her suit was dismissed. At the time that the suit was dismissed Palmer had been in office for more than a year and more than one year had elapsed since the cause of action accrued.

The failure of the plaintiff to summon in the new town treasurer for the space of one year worked an abatement of her original suit by operation of law, as held by this court in

*Tourjee* v. *Matteson,* 34 R. I. 270. The law however in its operation did not effect the abatement of the suit until the expiration of the year. The new town treasurer was elected June 7, 1910, and the abatement of the plaintiff's suit did not therefore take place until June 7, 1911. The plaintiff then had, under Chapter 684 of the Public Laws, one year from the last mentioned date within which she might bring another suit. She brought her second suit on February 19, 1912, which was within the year. We think that the second suit was brought within one year from the abatement of the first suit and that said second suit may be maintained under the provisions of said Chapter 684.

The question submitted to us is answered in the affirmative and the papers in the case are sent back to the Superior Court for the County of Washington with our decision certified thereon for further proceedings

*Frederick C. Olney,* for plaintiff.

*Clarence A. Aldrich, Nathan B: Lewis, James C. Collins,* for defendant.

*Harold B. Tanner,* of counsel.