12671, 12689. CITY OF TALLAPOOSA *v.* BROCK, adm'r; and *vice versa.*

</div>

1. The motion to dismiss the bill of exceptions must be denied. The certificate of the judge shows that within the time prescribed by law it was presented to him by counsel for plaintiff in error, to be certified by him in terms of the law, and that it was held by him for certain purposes of verification, without any fault on the part of plaintiff in error or its counsel. The mere fact that the judge in his certificate may have specified an additional part of the record as material to a clear understanding of the case would not operate to change the rule.

2. Although, under the ruling made by the Supreme Court in *City of Tallapoosa* v. *Brock*, 138 *Ga.* 622 (75 S. E. 644), the former suit was demurrable, in that it failed in its attempt to set forth a substantial compliance with the provisions of section 910 of the Civil Code (1910) relative to a presentation of the claim to the governing authorities of the municipality for adjustment, it nevertheless was not such an absolute nullity that it could not operate to toll the statute of limitations so as to allow the bringing of another suit within six months after its dismissal. The statute embodied in section 4381, providing for the renewal of suits, is remedial in its nature, and is intended to afford relief from such mistakes, accidents, and errors. *Lamb* v. *Howard*, 150 *Ga.* 12 (102 S. E. 436).

3. In an action for damages for physical injuries, pain, and suffering, the admission of evidence showing that the injuries set forth in the petition subsequently resulted in the death of the plaintiff's intestate does not afford ground for a new trial, where the judge, in admitting such testimony, plainly and expressly limited its probative value "as a circumstance showing the extent of the injuries," and in his charge repeated the substance of such ruling, and plainly instructed the jury that they could not consider the death as an element of damage. *Chattanooga &c. R. Co.* v. *Liddell*, 85 *Ga.* 482 (11 S. E. 853, 21 Am. St. Rep. 169).

4. The failure of the judge to define or elaborate, without request, the meaning of the terms "patent defects" and "latent defects" does not

authorize the setting aside of the verdict and judgment. The meaning which the law attaches to those terms is in accordance with their ordinary acceptation, and the sense in which they were employed was such as to make clear the idea intended to be conveyed. The charge, while making reference to both patent and latent defects, was especially favorable to the defendant, in that it treated the alleged defect, if a defect, as latent in character, and amounted to such an instruction, since the only rule of liability given was such as might arise out of the negligence of defendant on account of latent defects, of which, under the evidence, the jury might determine the defendant had actual notice, or ought in the exercise of ordinary care to have discovered and remedied. *City of Columbus* v. *Anglin*, 120 *Ga.* 785 (9) (48 S. E. 318).

5. The excerpt from the charge complained of in the 8th ground of the amendment to the motion for a new trial, set forth below, does not constitute reversible error, as being calculated to confuse the jury to the prejudice of the defendant. It was given for the defendant's benefit, and the only ordinary and reasonable meaning of the excerpt is that the city would not be liable if it had exercised ordinary and reasonable care, even though the plaintiff might be likewise blameless.

6. Under the evidence disclosed by the record, it is not possible to hold either that the verdict was without any evidence to support it, or that the amount of the verdict ($6,500) is excessive.

DECIDED MARCH 9, 1922.

Action for damages; from Haralson superior court — Judge Irwin. December 10, 1920.

*M. J. Head, Lloyd Thomas,* for plaintiff in error.

*Edwards & Edwards, U. G. Brock, H. J. McBride,* contra.

JENKINS, P. J. This was a suit for personal injuries, pain, and suffering, alleged to have been occasioned plaintiff on account of the failure of defendant to comply with its duty of keeping and maintaining a portion of one of its sidewalks in a reasonably safe condition. The petition alleges, that a section of a certain wooden ventilator, covering a portion of defendant's sidewalk, on which petitioner was standing, gave way, causing her to fall through, thereby inflicting serious personal injuries. The evidence shows that the wooden grate had been constructed and had been in use for a long number of years prior to the date of the injury. The suit is alleged to be in renewal of a former suit for the same cause of action, and is maintained by her administratrix, the original plaintiff having died subsequent to its institution. The jury returned a verdict for the plaintiff, in the sum of $6,500, and exception is taken to the overruling of the defendant's motion for new trial. The grounds of the motion relied upon in

the briefs filed by counsel for plaintiff in error are: (1) The cause of action is barred by the statute of limitations, and the suit cannot be maintained in renewal of the former suit, for the reason that the former suit was void on account of its failure to show a substantial compliance by the plaintiff with the provisions of the Civil Code (1910), § 910, relative to a presentation of the claim to the municipal authorities for adjustment (grounds 3, 13, 18, 19, and 20 of the amendment to the motion). Exception is taken to the failure of the court to state to the jury the defendant's contention in this respect (ground 4). (2) The court erred in admitting, over defendant's objection, the testimony of certain physicians, to the effect that the death of the plaintiff resulted from the injuries set forth by the plaintiff in her petition (grounds 1, 2 and 19 of the amendment to the motion). This evidence was admitted, expressly, only " as a circumstance showing the extent of the injuries," and in his charge the judge again plainly so limited its probative value, and expressly. confined the measure of damages to the pain and suffering sued for. (3) The charge was confusing in that it referred to the rule governing liability for both patent and latent defects, without defining these terms, and because there was no evidence to authorize any reference to a patent defect (ground 7). (4) The court erred in charging the jury as follows: " If this damage resulted from a mere accident for which nobody would be liable after the city has exercised ordinary and reasonable care and diligence as I have charged you, then the city would not be liable." This charge, it is alleged, was error for the reason that it was confusing and tended to mislead the jury; that if damage resulted from a mere accident for which nobody would be liable, the defendant, as a matter of course, would not be liable under any circumstances; that this charge " might well lead to the conclusion in the minds of the jury that for a mere accident the defendant would be liable, unless it had previously exercised all the care and diligence required in case of injury not to the result of the mere accident " (ground 8). (5) The verdict is not supported by the evidence, and is excessive (grounds 15, 16 and 17). The special contention in this respect is that the evidence showed that the sidewalk was not being used by the plaintiff at the time and place of the injury, in an ordinary manner and by herself alone,

but that the plaintiff and three other persons were standing upon the grate at the time the defective bar gave way; that the evidence showed that this particular portion of the sidewalk and grate was not in fact constructed by the city, but by the owner of the abutting property, and that the grate was used to ventilate the basement of the building; that the evidence showed that all of the grate bars were sound except the one which gave way, and that the unsound and decayed portion of the defective bar was confined to the under side, and that such rotten condition was not apparent to ordinary inspection; and that the city had neither actual nor constructive notice of the defect; that "the only evidence of actual notice is the testimony of J. A. Davis, a former marshal, that he notified Stephens N. Noble, a councilman, that the grate was in a bad condition, without specifying in what respect the condition was bad, or giving any further notice to the mayor or other councilman or the owner, and without taking any steps whatever to have the defects removed. This was during the year 1906, and it so happened that Mr. Noble was the only member of council for that year who was dead at the time the evidence of said Davis was taken."

It is not necessary to add anything further to the headnotes.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens and Hill, JJ., concur.*