## 18140.  GUEST v. ATLANTIC COAST LINE RAILROAD CO.

Section 4381 of the Civil Code (1910), granting the right to renew a suit which has been discontinued or dismissed, is a remedial statute and is to be liberally construed; and "while the second suit must be substantially the same cause of action, it does not have to be a literal copy of that dismissed." *Cox* v. *Strickland*, 120 *Ga.* 104 (5) (47 S. E. 912, 1 Ann. Cas. 870).

. (a) Within the purview of the statute, the case under consideration is substantially the same as the one dismissed, and the court erred in sustaining the general demurrer and dismissing the petition. The sustaining of the special demurrers was likewise error.

DECIDED JULY 14, 1927.  REHEARING DENIED JULY 27, 1927.

Action for damages; from Pierce superior court—Judge Reed. April 11, 1927.

Application for certiorari was denied by the Supreme Court.

*James R. Thomas & Son,* for plaintiff.

*Wilson, Bennett & Pedrick, Memory & Memory,* for defendant.

LUKE, J.   On October 16, 1924, Hiram E. Guest filed suit for damages for personal injuries, against the Atlantic Coast Line Railroad Company.  On April 12, 1926, he withdrew the suit, and on May 22, 1926, he brought the present action.  General and special demurrers were filed to the petition, and it was amended to meet them.  The demurrers were renewed to the petition as amended, and other demurrers were filed.  The exception in this case is to the sustaining of these demurrers.

The gist of the amended petition follows:  The plaintiff accompanied an old and feeble lady to the defendant's station at Blackshear, Ga., and purchased a ticket for her to Screven, Ga.  He took her suit-case, accompanied her to the train, and handed the suit-case to the conductor.  The conductor refused to accept it, and the plaintiff himself boarded the train and carried the suit-case to the lady.  He then immediately walked to, and upon, the platform at the front of the coach, and grabbed hold of the guard-rails with both hands, the train in the meantime having begun to move.  "The porter of the train,  .  .  seeing and observing that he was on the steps of the car, then and there failed to exercise ordinary care of petitioner, jumped on the steps against petitioner, wherein and whereby he was pushed, shoved, and his hand torn loose from the guard-rail of said steps."  After his hold had been

Limitations of Actions, 37 C. J. p. 1084, n. 53; p. 1086, n. 95.

broken loose from the guard-rail, a sudden jerk of the train caused him to lose his balance, and, as he was swinging on with only one hand to keep him from falling, said porter "kicked petitioner, thereby breaking loose his hand hold, and causing him to fall" upon the ground. The railroad-track was level, and the sudden jerk of the train was unnecessary, and "as a result of the sudden jerk forward, and the hand hold of petitioner being negligently broken and torn loose from the guard-rail," the petitioner became unbalanced, and turned loose one of the guard-rails, "and while he was clinging and hanging on with the other, the sudden jerking of the train, and the acts of the porter in kicking petitioner at about the same time, was the proximate cause .of petitioner's falling to the ground."

The general demurrer relied on by the defendant in error is, that the petition as amended shows that the right of action of the plaintiff had accrued more than two years next before the commencement of said suit, and that the right of action is barred by the statute of limitations. The first contention of the defendant in error is that the demurrer was properly sustained because the first suit set forth no cause of action, and was a nullity, leaving no suit to renew. His second contention is that the second suit was not substantially the same as the first, and that for that reason there was no renewal within the meaning of the statute.

In his first petition the plaintiff alleged, that he was assisting the old lady to board the train; that so soon as he had seated her he immediately undertook to get off the train; that when he reached the platform of the car and was seeking to get off, the porter, or flagman, jumped on the steps in front of him; that while he was trying to get by the porter and off the steps of said car, and just as he got the lower step, the engine and train gave a violent and unusual jerk forward, which threw petitioner off the steps of the car, "whereby he received" designated injuries; that when petitioner entered said train for the purpose of assisting defendant's passenger thereon with her baggage, defendant's employees knew that he was on the train, that he was assisting their passenger, and knew that he was attempting to get off the train when it made said sudden jerk, and threw him to the ground and injured him.

That the first petition was defective there is no doubt; but that it might have been perfected by amendment we are quite sure.

See *Ellison* v. *Georgia Railroad Co., 87 Ga.* 691 (13 S. E. 809). The second petition might have set out the alleged proximate cause of the plaintiff's injuries with much more certainty. It does not clearly appear from it whether the sudden and unusual jerk of the train, or the acts of the porter, caused the plaintiff to fall. As a matter of fact it appears to have been both. However, construing the petition more strongly against the pleader, and looking to the facts alleged rather than to the conclusions reached, we are of the opinion that, from a legal viewpoint, the conduct of the porter is the proximate cause of the alleged injuries. In any event, however, the petitions evidently relate to the same parties, the same fall, and the same injuries; the same right is violated; the same wrong is perpetrated; the same result follows. Section 4381 of the Civil Code (1910) reads: "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case; but this privilege of dismissal and renewal shall be exercised only once under this clause." Under this law we do not think that the question as to whether or not the first petition was subject to general demurrer, or the question whether or not the acts of negligence proximately causing the injuries differ in the two petitions, is determinative of the issue presented here. "The act is remedial and is to be liberally construed." *Cox* v. *Berry, 13 Ga.* 306. This construction of section 4381, supra, is elucidated and so ably and clearly elaborated in *Cox* v. *Strickland, 120 Ga.* 104 (4) (supra), that little has been added to, or can be added to, what has been said there. See also *Lamb* v. *Howard, 150 Ga.* 12 (102 S. E. 436); *Colley* v. *Gate City Coffin Co., 92 Ga.* 664 (18 S. E. 817); *City of Tallapoosa* v. *Brock, 28 Ga. App.* 384 (2) (111 S. E. 88). In the light of these decisions, we are constrained to hold that the sustaining of the general demurrer in this case is reversible error.

There is no merit in the criticism of so much of paragraphs 3 and 5 of the petition as allege that the porter, or other trainhand, jumped on the steps, negligently breaking loose the hold of petitioner's hand from the guard-rail and side-bars, because the same were conclusions of the pleader, and it is not alleged wherein or how the porter was negligent. The demurrer which insists that a certain portion of the amendment to the petition should be

stricken because it failed to allege what the porter should have done in the exercise of ordinary care, and what would have constituted ordinary care, is without merit. It matters not whether the proximate cause of the plaintiff's injuries was the sudden jerking of the train, it was permissible under the pleadings to show that the track was level and that the sudden movement of the train was unnecessary, and the 4th and last ground of the second demurrer was without merit. The court erred in sustaining the demurrers to the petition.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. In my opinion the second suit was not substantially the same cause of action as the first suit, and the court did not err in dismissing the second suit on general demurrer.