## 23547. BROWN v. SHIPP et al.

JENKINS, P. J. The original petition was a suit against a father and son as copartners, for damages because of the alleged negligent driving of an automobile by the son. By a first amendment the plaintiff sought to allege that the injury was not done by the partnership through the driving of the car by the son, but by a third person as their agent and servant in the conduct of their business. By a second amendment it was sought to strike the name of the defendant father, the proffered amendment further alleging that the original defendants were not copartners, but that the automobile was owned and operated by the son through the third person as his agent and servant. The court allowed the original petition to proceed against the son alone, but sustained demurrers and objections to both amendments as seeking to add a new cause of action. On the trial it was conceded that, while the evidence would support the last amendment, it would not sustain the allegations of the original petition, and a nonsuit was granted. Exception is taken to this ruling and to the disallowance of this amendment. *Held:* The transaction and injury as stated in the amendments being essentially the same as was set forth in the original petition, no new cause of action would have been created by the averment in the final amendment, to the disallowance of which exception is taken, that the tort was committed through an agent instead of directly by the remaining defendant. The legal effect was the same in either event. See *City of Columbus* v. *Anglin*, 120 *Ga.* 785, 792 (48 S. E. 318); *Colley* v. *Gate City Coffin Co.*, 92 *Ga.* 664, 669 (18 S. E. 817); *Smith* v. *City of Rome*, 16 *Ga. App.* 96 (84 S. E. 734). No new legal relationship as the basis of liability was sought to be imposed, as in *Central of Ga. Ry. Co.* v. *Williams*, 105 *Ga.* 70, 72 (31 S. E. 134), and similar cases relied upon by the defendant in error. Accordingly, it was error, rendering nugatory the subsequent proceedings, to disallow the amendment to the petition as finally offered.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1934.

*Blair & Gardner, Whitaker & Whitaker,* for plaintiff.
*Morris & Morris,* for defendant.