## CRAIG v. UNITED STATES.

### No. 1494.

Circuit Court of Appeals, Tenth Circuit.

April 6, 1937.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley, of Kansas City, Mo., on the brief), for appellant.

R. T. McCluggage, of El Dorado, Kan. (Summerfield S. Alexander, of Topeka, Kan., and Julius C. Martin, Wilbur C. Pickett, and Fendall Marbury, all of Washington, D. C., on the brief), for the United States.

Before PHILLIPS and BRATTON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The sole question for review on this appeal is in respect of the time in which the administrator of the estate of the deceased, a World War veteran, who in his lifetime had brought suit in the court below to recover war risk insurance upon the ground of total and permanent disability, may be substituted as party plaintiff in the action.

The plaintiff, Eugene H. Craig, brought such a suit in the court below on July 26, 1929. On April 5, 1930, an answer was filed by the United States denying total and permanent disability. The plaintiff died on February 7, 1934. On August 5, 1935, the district attorney in behalf of the United States filed a motion in the cause in which he recited that the plaintiff had died February 7, 1934, that the action had not been revived, that no steps had been taken by any one to revive it, that the time within which the action could be revived had passed, and upon these facts moved the court to dismiss the petition. On August 31, 1935, counsel of the deceased plaintiff, in behalf of the administrator of the estate of the deceased, filed a motion in the cause in which they suggested the death of the plaintiff on February 7, 1934, and recited that the deceased had left three children as his heirs, that Ray M. Craig had been appointed administrator of his estate, and moved the court that the administrator be substituted as party plaintiff.

The trial court, after a hearing upon the motions, on May 22, 1936, denied the motion of the administrator and granted the motion of the United States and thereupon made an order dismissing the action. From these rulings of the trial court the administrator has appealed.

Counsel for appellant rely on the provisions of the World War Veterans' Act 1924, § 19, as amended by Act May 29, 1928, § 1, 45 Stat. 964 (see 38 U.S.C.A. § 445), to secure a reversal of the order of the trial court.

Government counsel, on the other hand, rely on the statutes of the State of Kansas governing the revival of actions to sustain the order of the trial court. These

respective statutes (38 U.S.C.A. § 445), so far as material here, are as follows:

Section 445. "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date, and no suit on United States Government life (converted) insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made: Provided, That for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded: Provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Infants, insane persons, or persons under other legal disability, or persons rated as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities. If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed. Judgments heretofore rendered against the person or persons claiming under the contract of war-risk insurance on the ground that the claim was barred by the statute of limitations shall not be a bar to the institution of another suit on the same claim. No State or other statute of limitations shall be applicable to suits filed under this section."

R.S.Kansas, 60—3212. "Revivor upon death of plaintiff. Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. When his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names. (L.1909, ch. 182, § 428; May 29.)"

R.S.Kansas, 60—3215. "Time for order in favor of representatives or successors of plaintiff. An order to revive an action in the names of the representatives or successors of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made. * * * (L. 1909, ch. 182, § 431; May 29.)"

R.S.Kansas, 60—3216. "Dismissal of nonrevivable actions. When it appears to the court by affidavit that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, * * * the court shall order the action to be dismissed at the costs of the plaintiff. (L.1909, ch. 182, § 432; May 29.)"

The conflicting contentions of the parties may be contrasted by quotations from the respective briefs of counsel.

Appellant's counsel say:

"The World War Veterans' Act 1924, as amended, created both the right and the remedy in actions of this character. It provides for the limitations applicable to suits of this character. It excludes the application of any state limitations. It prohibits the application of any other Federal limitations. * * * It designates the procedure to govern suits thereunder and provides for the limitations of such actions, excluding all other limitations. It provides that, 'If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed.' In effect, it prohibits judgment in a case, seasonably brought, unless such judgment is on its merits. The entire spirit and the letter of the statute precludes the application of any kind or character of limitation, except that which is specifically set out in that very statute. The act does not limit the time within which an administrator or executor may be substituted as the party plaintiff, in event of the plaintiff's death. * * * The War Risk Insurance Act does not limit the time within which the suit may be 'revived' by such substitution. * * *

"There is a positive declaration in the World War Veterans' Act which prohibits the application of local statutes of limitations, in the following language:

"'No State or other statute of limitations shall be applicable to suits filed under this section.' [38 U.S.C.A. § 445]

"There are no qualifications or exceptions made. The statute bars the application of either state statute or common law."

Government counsel say:

"The Government contends * * * that the Kansas statute of limitation is applicable to bar the revival of the action in the instant case and that the trial court properly ordered a dismissal pursuant to the provision which requires such action where it appears to the court that either party has been dead for a period so long that the suit cannot be revived in the name of his representatives without the consent of both parties."

Eugene H. Craig, the plaintiff, died a year and a half, lacking two days, prior to the time of the filing of the motion by the district attorney to dismiss the petition, and one year, six months, and twenty-four days prior to the time counsel for the administrator filed their motion to substitute the administrator as party plaintiff.

The Supreme Court of Kansas has enforced the time limitation of the state statutes above quoted in Reaves v. Long, 63 Kan. 700, 66 P. 1030; Bradford v. Loan Co., 47 Kan. 587, 28 P. 702; Steinbach v. Murphy, 70 Kan. 487, 78 P. 823.

In the briefs reference is made also to that portion of section 778, 28 U.S.C.A., which reads as follows:

"When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is [de]pending twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party. * * *

"The jurisdiction of all courts of the United States shall extend to and over executors and administrators of any party * * * and such courts shall have jurisdiction within two years from the date of the death of the party to the suit to issue its scire facias to executors and administrators."

In respect to this statute appellant says:

"Does the statute relating to scire facias apply here? * * *

"It is a process whereby one party to an action forces the administrator of other party into court. * * * It is available only to the living party, and it is a privilege that is given to him to sue out this writ in the event he desires to bring into court the personal representative of the estate of his deceased adversary. * * * *"

And appellee in respect to it says: "The writ of scire facias is referred to in that section as a process available only to the surviving party by means of which he may revive the action against the personal representatives of the deceased party."

Since both parties agree that section 778, 28 U.S.C.A., does not provide the manner or fix the time within which the administrator on his own motion may be substituted as party plaintiff, it becomes unnecessary to give this section of the statute further consideration, and the case will be considered from the standpoint of the parties as outlined in their briefs.

In the amendment of May 29, 1928, § 1 (see 38 U.S.C.A. § 445), Congress was undoubtedly dealing, at least primarily, with the limitation of time in which suits might be brought to recover war risk insurance. This purpose is apparent on the face of the amendment and is expressly stated in the report of the House Committee having the matter in charge. In this report, H. Rep. No. 1274, 70 Cong., 1st Sess., the committee said: "Section 1 of the bill amends section 19 of the act by establishing a uniform statute of limitations for suits on contracts of insurance. At the present time, under the conformity act, the statutes of limitations of the various States apply. The periods of limitations in these statutes vary from 3 to 20 years, the average being 6 years. The committee believes that the average statute of limitation, namely six years, should be applied to these suits, with an additional year from the date of passage of this amendatory act for all suits."

Decisions of the federal courts applying state statutes of limitations to suits

against the United States for war risk insurance decided prior to the amendment, and which the committee doubtless had in mind in its report, were: United States v. Sligh (C.C.A.9) 24 F.(2d) 636; Jackson v. United States (D.C.Kan.) 24 F. (2d) 981; Stanley v. United States (D.C. Tex.) 23 F.(2d) 870.

The Supreme Court long before had held that rights of action acquired by virtue of laws of the United States as between private parties were subject to state statutes of limitations. Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280; McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702, 3 Ann.Cas. 500. And see O'Sullivan v. Felix, 233 U. S. 318, 34 S.Ct. 596, 58 L.Ed. 980.

■ Turning now to the revival of actions brought by parties later deceased:

Sections 724 and 725, title 28, U.S.C. A., provide:

Section 724. "The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

Section 725. "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

In the application of either or both of these statutes of the United States to state laws, can any distinction on principle be made between state statutes of limitation respecting the time in which suits may be brought and state statutes of limitation respecting the time in which actions may be revived after the death of a party?

In Campbell v. Haverhill, supra, 155 U.S. 610, at pages 614–616, 15 S.Ct. 217, 219, 39 L.Ed. 280, the Supreme Court said:

"The argument in favor of the applicability of state statutes is based upon Rev. St. § 721 [28 U.S.C.A. § 725], providing that 'the laws of the several states, except,' etc., 'shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' That this section embraces the statutes of limitations of the several states has been decided by this court in a large number of cases, which are collated in its opinion in [citing cases]. "Indeed, to no class of state legislation has the above provision been more steadfastly and consistently applied than to statutes prescribing the time within which actions shall be brought within its jurisdiction.

"It is insisted, however, that, by the express terms of section 721, the laws of the several states should be enforced only 'in cases where they apply,' and that they have no application to causes of action created by congressional legislation and enforceable only in the Federal courts. The argument is that the law of the forum can only apply to matters within the jurisdiction of the state courts, and that the recognition given by congress to the laws of the several states does not make such laws applicable to suits over which the state courts have no jurisdiction, because, for want of jurisdiction over the subject-matter of the suit, the tribunals of the state are powerless to enforce the state statutes with respect to it; in other words, that the states, having no power to create the right or enforce the remedy, have no power to limit such remedy or to legislate in any manner with respect to the subject-matter. But this is rather to assert a distinction than to point out a difference. * * *

"Recurring then to the main proposition above stated, it may be well questioned whether there is any sound distinction in principle between cases where the jurisdiction is concurrent and those where it is exclusive in the federal courts. The section itself neither contains nor suggests such a distinction. The language of the section is general that the laws of the several states shall be regarded as rules of decision in every case to which they apply, and it is at least incumbent upon the plaintiff to show that, for some special reason in the nature of the action itself, the section does not apply. But why should the plaintiff in an action for the infringement of a patent be entitled to a privilege denied to plaintiffs in other actions of tort? If states cannot discriminate against such plaintiffs, why should congress by its silence be assumed to have discriminated in their favor? Why, too, should the fact that congress has created the right, limit the defenses to which the defendant would

otherwise be entitled? Is it not more reasonable to presume that congress, in authorizing an action for infringement, intended to subject such action to the general laws of the state applicable to actions of a similar nature? In creating a new right, and providing a court for the enforcement of such right, must we not presume that congress intended that the remedy should be enforced in the manner common to like actions within the same jurisdiction?

"Unless this be the law, we have the anomaly of a distinct class of actions subject to no limitation whatever,—a class of privileged plaintiffs who, in this particular, are outside the pale of the law, and subject to no limitation of time in which they may institute their actions. The result is that users of patented articles, perhaps innocent of any wrong intention, may be fretted by actions brought against them after all their witnesses are dead, and perhaps after all memory of the transaction is lost to them. This cannot have been within the contemplation of the legislative power."

In our opinion this language is equally applicable to revival statutes of the states, and since the United States in suits against it has the same right as a private party to invoke the statutes of limitations of states limiting the time in which suits may be brought where Congress has not spoken, it must also have an equal right with a private party to invoke the statutes of the states limiting the time in which actions may be revived after the death of a party—unless in this instance by the amendment of May 29, 1928, of section 445, title 38, U.S.C.A., Congress has taken away that right.

■ In support of their contention that Congress has taken away that right by the amendment, counsel for appellant argue as already quoted that: "It provides for the limitations applicable to suits of this character. It excludes the application of any state limitations. It prohibits the application of any other Federal limitations. * * * it designates the procedure to govern suits thereunder and provides for the limitations of such actions, excluding all other limitations. It provides that, 'If suit is seasonably begun'," et cetera, "prohibits judgment in a case seasonably brought unless such judgment is on its merits."

On the contrary, we think Congress by the provision "If suit is seasonably begun," etc., merely intended to adopt the procedure provided in the statutes of every code state to the effect that a new suit may be brought within a specified time where a former suit upon the same cause of action has failed for reasons generally enumerated, other than upon the merits. This provision of the amendment conclusively negatives appellant's statement that the section prohibits any judgment in a case seasonably brought unless such judgment is on the merits. In fact, by this provision Congress took cognizance of possible judgments of dismissal of these suits for reasons other than upon the merits, and to meet such contingency enacted the saving clause provided that a new suit might be brought within one year. This case is itself an example of such a judgment.

■ Counsel for appellant places particular emphasis on the sentence of that part of section 445 as amended which provides that no state or other statute of limitations shall be applicable to suits filed under this section. To this provision they say: "There are no qualifications or exceptions made. The statute bars the application of either state statute or common law."

These contentions we believe untenable. Such broad and general application of this provision of the amended section would include within its prohibitions such procedural limitations of time as govern for example the issuance or service of process, filing of pleadings, motions for new trial, as provided by state statutes, and which have been uniformly adopted and followed in law actions by federal courts from the beginning under the conformity act. By such prohibitions war risk suits would not merely be constituted a special class, they would be a lawless group wholly out of control of the court charged with their disposition, or paraphrasing the language of the Supreme Court in Campbell v. Haverhill, quoted above, unless state statutes respecting the revival of suits brought to recover war risk insurance apply, we have the anomaly of a distinct class of actions subject to no limitation whatever; a class of privileged administrators who, in this particular, are outside the pale of the law, and subject to no limitation of time in which they may institute proceedings for revival

of actions brought by deceased plaintiffs. The result would be that the United States might be fretted by actions brought against it after all its witnesses are dead or perhaps after all memory of transactions with the deceased has been lost to them. This cannot have been within the contemplation of the legislative power.

The trial court did not err in dismissing the action pursuant to the state statutes.

The order is affirmed.