**DUMAS et al. v. UNITED STATES.**

**CRAIG v. SAME.**
**GRAHAM et al. v. SAME.**
Nos. 1729, 1735, 1736.

Circuit Court of Appeals, Tenth Circuit.
Feb. 27, 1939.

Rehearing Denied April 25, 1939.

Lawrence E. Goldman, of Kansas City, Mo. (Frank R. Daley, of Kansas City, Mo., on the briefs), for appellants.

Fendall Marbury, Sp. Asst. to Atty. Gen. (Summerfield S. Alexander, U. S. Atty., and R. T. McCluggage, Asst. U. S. Atty., both of Topeka, Kan., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wil-

bur C. Pickett, Sp. Asst. to Atty. Gen., on the briefs), for the United States.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

These are actions to recover upon policies of war risk insurance.

The facts are these:

## Cause No. 1729

George W. Hill entered the military service of the United States on May 14, 1918, and was honorably discharged February 8, 1919. While in the service he applied for and received a $10,000 policy of war risk insurance. Mary I. Hill was designated as beneficiary therein.

On October 26, 1929, and prior to the running of the statute of limitations, Mary I. Hill, acting as guardian for George W. Hill, commenced an action in the District Court of the United States for the District of Kansas, numbered 3429 on the docket of such court, to recover total and permanent disability benefits under such policy from March 20, 1919. George W. Hill died on June 26, 1930.

On August 21, 1930, Mary I. Hill was duly appointed as the administratrix of his estate. On April 12, 1935, with leave of court, she filed an amended petition in, cause No. 3429 wherein she suggested the death of George W. Hill and prayed that she be substituted as a party plaintiff, both as administratrix and individually.

On July 11, 1935, the United States filed its motion to dismiss cause No. 3429 on the ground it had not been revived within one year after the death of the insured. On June 28, 1937, the trial court entered its order dismissing cause No. 3429. On August 6, 1937, Mary I. Hill, as administratrix of the estate of George W. Hill, deceased, and Mary I. Hill, individually as beneficiary, brought this action on the policy.

Thereafter, Maxine Dumas, as the administratrix of the estate of George W. Hill, deceased, and Olive Harlin, executrix of the estate of Mary I. Hill, deceased, were substituted as parties plaintiff.

On November 18, 1937, the United States filed a motion to dismiss the action setting up as the ground therefor the bar of the statute of limitations provided by 38 U.S.C.A. § 445.

The trial court sustained the motion and entered judgment dismissing the action. This is an appeal therefrom.

## Cause No. 1735

Eugene H. Craig entered the military service of the United States on May 7, 1917, and was honorably discharged on August 31, 1919. While in the service he applied for and received a $10,000 policy of war risk insurance. Emma Melvina Craig was designated as beneficiary therein. She died on March 1, 1932.

On July 26, 1929, and prior to the running of the statute of limitations, Eugene H. Craig commenced an action in the District Court of the United States for the District of Kansas, numbered 3393 on the docket of such court, to recover total and permanent disability benefits under such policy from August 31, 1919. He died February 7, 1934. On February 9, 1934, Ray M. Craig was duly appointed administrator of his estate.

On August 5, 1935, the United States filed its motion to dismiss cause No. 3393 on the ground that it had not been revived within one year after the death of Eugene H. Craig. On August 31, 1935, Ray M. Craig, as administrator of the estate of Eugene H. Craig, filed a motion suggesting the death of Eugene H. Craig and asked leave to file an amended petition and to be substituted as a party plaintiff. On May 22, 1936, the trial court entered its order dismissing cause No. 3393. On appeal therefrom, the order dismissing the action was affirmed by this court. See Craig v. United States, 10 Cir., 89 F.2d 586, decided April 6, 1937.

On July 31, 1937, Ray M. Craig, as administrator of the estate of Eugene H. Craig, deceased, brought this action on the policy.

On November 20, 1937, the United States filed a motion to dismiss the action setting up as the ground therefor the bar of the statute of limitations provided by 38 U.S.C.A. § 445.

The trial court sustained the motion and entered judgment dismissing the action. This is an appeal therefrom.

## Cause No. 1736

Alexus L. Graham entered the military service of the United States on December 14, 1917, and was honorably discharged on June 23, 1919. While in the service he applied for and received a $10,000 policy

of war risk insurance. Katie Graham was designated as beneficiary therein.

On July 2, 1929, and prior to the running of the statute of limitations, Alexus L. Graham commenced an action in the District Court of the United States for the District of Kansas, numbered 3384 on the docket of such court, to recover total and permanent disability benefits under such policy from June 23, 1919. He died on August 17, 1932. On September 29, 1932, Katie Graham was duly appointed as administratrix of his estate.

On June 29, 1935, she filed an application for leave to file an amended petition in cause No. 3384 wherein she suggested the death of Alexus L. Graham and prayed that she be substituted as a party plaintiff in the action, both as administratrix and individually.

On August 9, 1935, the United States filed its motion to dismiss cause No. 3384 on the ground it had not been revived within one year after the death of the insured. On May 1, 1936, the trial court entered its order dismissing cause No. 3384. On appeal therefrom, the order dismissing the action was affirmed by this court. See Graham v. United States, 10 Cir., 89 F.2d 591, decided April 6, 1937.

On July 31, 1937, Katie Graham, as administratrix of the estate of Alexus L. Graham, deceased, and individually as beneficiary, brought this action on the policy.

On November 20, 1937, the United States filed a motion to dismiss the action setting up as the ground therefor the bar of the statute of limitations provided by 38 U.S.C.A. § 445.

The trial court sustained the motion and entered judgment dismissing the action. This is an appeal therefrom.

In seeking to revive such actions, the plaintiffs below relied on the provisions of 28 U.S.C.A. § 778. This court in Craig v. United States, supra, held that section inapplicable and that the time for revivor was controlled by G.S.Kansas, 1935, § 60-3215, which provides that an order to "revive an action in the names of the representatives or successors of a plaintiff * *

shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made."

In each case, when the plaintiff undertook to revive the action after the expiration of the one-year period, the United States, as defendant, objected.

38 U.S.C.A. § 445 in part provides: "If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitations has elapsed."

In the Craig case, this court, referring to the provision last quoted, said: "On the contrary, we think Congress by the provision 'If suit is seasonably begun,' etc., merely intended to adopt the procedure provided in the statutes of every code state to the effect that a new suit may be brought within a specified time where a former suit upon the same cause of action has failed for reasons generally enumerated, other than upon the merits. This provision of the amendment conclusively negatives appellant's statement that the section prohibits any judgment in a case seasonably brought unless such judgment is on the merits. In fact, by this provision Congress took cognizance of possible judgments of dismissal of these suits for reasons other than upon the merits, and to meet such contingency enacted the saving clause provided that a new suit might be brought within one year. This case is itself an example of such a judgment." [89 F.2d 590.]

Counsel for the United States contend that the portion of Section 445, supra, above set out, does not apply where after death of the plaintiff the action is dismissed for failure seasonably to revive it in the name of the personal representative.

■ The statute provides for the commencement of a new action and not the revivor or continuation of the same action. See Cooper v. Crisco, 201 N.C. 739, 161 S.E. 310, 312.

■ It has been generally held that such a statute is highly remedial and should be liberally construed.[1]

[1] Johnson v. United States, 9 Cir., 68 F.2d 588; Denton v. City of Atchison, 76 Kan. 89, 90 P. 764, 765; Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596, L.R.A.1917C, 203, Ann. Cas.1916A, 259; Claussen v. Amberg,

172 Okl. 197, 44 P.2d 92, 95; Guest v. Atlantic Coast Line R. Co., 37 Ga.App. 102, 139 S.E. 97, 98; Lamb v. Howard, 150 Ga. 12, 102 S.E. 436, 437; Ryan v. Piney Coal & Coke Co., 69 W.Va. 692, 73 S.E. 330, 331; Siever v. Klots Throw-

In Lamb v. Howard, 150 Ga. 12, 102 S.E. 436, 437, the court said: "Section 4381 of the Civil Code is a remedial statute, and is to be liberally construed so as to preserve the right to renew the cause of action set forth in a previous suit, wherever the same had been disposed of on any grounds other than one affecting the merits."

Similar statutes have been held to authorize the commencement of a new action where the former action abated because of the death of a party.[2] The courts have said such a case "is within the equity of the statute."

While there must be an identity of parties the requirement is satisfied if the plaintiff in the second suit claims through and sues as the successor to, assignee or grantee of, or personal representative of the plaintiff in the first action.[3]

In each of the instant cases, under the allegations of the several petitions, the insured became totally and permanently disabled during his lifetime and the policy matured because of that event and not because of insured's death. McCullough v. Smith, 293 U.S. 228, 230, 231, 55 S.Ct. 157, 79 L.Ed. 297; United States v. Tarrer, 5 Cir., 77 F.2d 423, 425. In the case last cited the court said: "Appellee seems to concede that a claim of the insured, if living, would be barred under these circumstances, but takes the position that as beneficiary she has a separate cause of action which did not accrue to her until the death of the insured within six years of the bringing of her suit. A complete answer to that contention is, as we think, that no right or cause of action accrued by reason of the death of the insured. As the 'contingency' on which the claim is founded is not the death of the insured in 1930, but his total and permanent disability at the time the policy lapsed in 1919, and as that claim was barred long before suit was brought, the beneficiary has no better or different cause of action than the insured would have had if he were living. The beneficiary derives any right she has from the insured. If he had none, neither has she."

Since the plaintiff or plaintiffs derive their rights from and claim through the insured, the rule of identity of parties is satisfied.

Counsel for the United States contend that the plaintiffs by failing seasonably to revive the original actions manifest an intention to abandon them. Abandonment was not set up as a ground in any of the motions to dismiss and in none of the cases did the trial court expressly find abandonment.

The fact that the plaintiffs relied on 28 U.S.C.A. § 778 and prosecuted appeals from the orders of dismissal in two of the cases, and promptly commenced the new actions when the right to revive under the federal statute was denied by this court, in our opinion refutes any intention to abandon.

Richards v. Maryland Insurance Co., 8 Cranch. 84, 3 L.Ed. 496, is distinguishable. In that case there was a voluntary abandonment of the action in that the successor made no effort to revive it after the death of the original plaintiff. In the instant cases, the plaintiffs endeavored to revive the actions, failing to act in time due to a mistake as to the applicable statute. In that case the second action was not within the letter of the statute. The instant cases are within the letter of the statute, having failed for "reasons not affecting the merits."

Kemp v. United States, 7 Cir., 77 F.2d 213, is also distinguishable from the instant cases. There the plaintiff voluntarily dismissed the first action. Here the suc-

ing Co. of West Virginia, 101 W.Va. 457, 132 S.E. 882, 885; Hawkins v. Scottish Union & National Ins. Co., 110 Miss. 23, 69 So. 710, 712; Coffin v. Cottle, 16 Pick., Mass., 383, 385; Mason v. Kansas City Belt R. Co., 226 Mo. 212, 125 S. W. 1128, 1129, 1130, 26 L.R.A.,N.S., 914; Pittsburg C. C. & St. L. Ry. Co. v. Bemis, 64 Ohio St. 26, 59 N.E. 745, 747.

[2] Norment v. Smith, 1 Humph. 46, 20 Tenn. 46, 47; Anderson v. Bedford, 4 Cold., Tenn., 464, 470; Hull v. Deatly's Administrator, 7 Bush, Ky., 687, 690; Schermerhorn v. Schermerhorn, 5 Wend., N.Y., 513; Whitford v. Palmer, 38 R.I. 53, 94 A. 495, 496; McKenzie v. Cook Co., 113 Mich. 452, 71 N.W. 868, 869. See, also, Sturgis v. Darell, 157 Eng. Rep. 985, 988, and Kinsey v. Heyward, 91 Eng.Rep. 1187, 1188.

[3] Midland Valley R. Co. v. Townes, 179 Okl. 136, 64 P.2d 712; Stevens v. Wood, 17 Ga.App. 756, 88 S.E. 413; James v. Biscoe, 10 Ark. 184, 186; Dressler v. Carpenter, 107 Ark. 353, 155 S.W. 108, 109; Moody v. Threlkeld, 13 Ga. 55, 60; Shively v. Beeson, 24 Kan. 352; Thornburgh v. Cole, 27 Kan. 490, 498.

cessors undertook to revive and the actions were dismissed over their objections.

Notwithstanding this court held the Kansas statute on revivor applicable, the question of its applicability was fairly debatable, in view of the provision of Section 445, supra, that "no State or other statute of limitations shall be applicable to suits filed under this section"; and it cannot be said that the plaintiffs in the instant cases were negligent in relying upon the provisions of 28 U.S.C.A. § 778.

■■■ The World War Veterans' Act of 1924 and subsequent amendments thereto, and especially Section 19 thereof (section 445, supra), manifests a settled policy on the part of Congress to prevent suits on war risk insurance policies seasonably commenced, to fail other than through a judgment on the merits. We think Congress intended that the portion of Section 445, supra, above set out, embraces cases such as those here presented and accordingly conclude that the instant cases are not barred by the statute of limitations.

· Each case is reversed and remanded with instructions to vacate the order of dismissal and reinstate the action.

Reversed and remanded.

